Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Ste. 200
San Francisco, CA 94108
Tel:  (415) 956-5513
Fax:  (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA BORJA,<br><br>Plaintiff,<br><br>v.<br><br>GERARD HEINAUER, DIRECTOR, USCIS NEBRASKA SERVICE CENTER; EMILIO T. GONZALEZ, DIRECTOR, USCIS; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY; ROBERT S. MUELLER, DIRECTOR, FEDERAL BUREAU OF INVESTIGATIONS; PETER D. KEISLER, ACTING U.S. ATTORNEY GENERAL,<br><br>Defendants. | No.<br><br>COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF<br><br><br>DHS Alien Number: 73-396-835 |

**COMPLAINT FOR A WRIT OF MANDAMUS
AND DECLARATORY AND INJUNCTIVE RELIEF**

By and through her undersigned attorney, Plaintiff, Teresita Borja ("Ms. Borja"), as and for her complaint, alleges as follows:

Complaint for a Writ of Mandamus

## PRELIMINARY STATEMENT

1. Ms. Borja is a native and citizen of the Philippines who has been granted asylum in the United States. More than six years ago, Ms. Borja filed an application to register permanent residence or adjust status with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1] Inexplicably, that application remains pending, despite Ms. Borja's repeated requests for adjudication.

## JURISDICTION

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district, Ms. Borja resides in this district, and no real property is involved in this action.

## INTRA-DISTRICT ASSIGNMENT

4. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## STANDING

5. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

Complaint for a Writ of Mandamus　　　　　　2

delayed the adjudication of Plaintiff's application. Plaintiff thus falls within the APA's standing provisions. *See, Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds*, 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFF

6.  Teresita Borja is a native and citizen of the Philippines who currently resides at 2123 Montgomery Drive, Santa Rosa, CA 95405. Ms. Borja was granted asylum on December 16, 1999 by the Board of Immigration Appeals. *See also Borja v. INS*, 175 F.3d 732 (9th Cir. 1999). On or about February 16, 2001 she filed an application to adjust her status to that of a lawful permanent resident (Form I-485) with the USCIS Nebraska Service Center ("NSC").[2] Although more than six years have lapsed since that time, the USCIS has failed to adjudicate that application.

## DEFENDANTS

7.  Defendant, Gerard Heinauer, is the Director of USCIS's Nebraska Service Center and is sued in his official capacity.

8.  Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

9.  The United States Citizenship and Immigration Services is the federal agency within the Department of Homeland Security ("DHS") that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

10. Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity.

---

[2] Receipt number LIN-01-110-54255.

Complaint for a Writ of Mandamus    3

Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

11. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

12. Robert S. Mueller is the director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. Defendant Mueller is charged with conducting background checks, including the National Name Check Program, in response to requests submitted by federal agencies, including the USCIS.

13. Peter D. Keisler is sued in his official capacity as the Acting U.S. Attorney General. In that capacity, he is charged with supervising and directing the administration and operation of the Department of Justice, including the FBI.

## FACTS

14. USCIS regulations outline the procedures that must be followed for an asylee to adjust her status to that of a lawful permanent resident. After one year of physical presence in the United States as an asylee, a person granted asylum may adjust her status "to that of an alien lawfully admitted for permanent residence." 8 C.F.R. § 1209.2(a). *See also* INA § 209(a), 8 U.S.C. § 1159(a).

15. Before adjudicating an application for adjustment of status pursuant to INA § 209(a), 8 U.S.C. § 1159(a), USCIS conducts "numerous" criminal and national security background checks, including (a) a fingerprint check by the FBI; (b) a *name check* by the FBI; and (c) a check against the records of the Department's Interagency Border Inspection System. *See Liu v. Chertoff*, No. 06-3297, 2007 WL 1202961, at * 1-2 (C.D. Ill. April 23, 2007). Ninety-nine percent of the FBI name checks are completed in six months. *See USCIS Interoffice Memorandum from Michael Aytes, Acting Associate Director, Domestic Operation*, April 25, 2006, *reprinted* No. 21 *Interpreter Releases* 988 (May 22, 2006). In Ms. Borja's case, however, the name check process has taken more than six years and has still not been completed.

16. Lawful permanent resident status confers many advantages over asylee status.

Complaint for a Writ of Mandamus 4

Lawful permanent residents have the privilege of residing and working permanently in the United States, INA § 101(a)(20), 8 U.S.C. § 1101(a)(20), they may travel outside the United States freely and generally are readmitted to the United States automatically, INA § 101(a)(13)(C), 8 U.S.C. § 1101(a)(13)(C), and they may petition to immigrate close family members, INA §§ 201 and 203, 8 U.S.C. §§ 1151 and 1153.

17. After five years of status as a lawful permanent resident, an individual may apply to naturalize her status to that of a U.S. citizen. INA § 316(a), 8 U.S.C. § 1427(a). Because lawful permanent resident status is a prerequisite for naturalization, any delay in adjusting to lawful permanent resident status also delays eventual naturalization.

18. This lawsuit arises out of Defendants' illegal delay in the adjudication of Ms. Borja's application for status as a lawful permanent resident (Form I-485).

19. Ms. Borja was born on October 30, 1952 in Marikina, Philippines. She was granted asylum by the Board of Immigration Appeals on December 16, 1999. *See also Borja v. INS*, 175 F.3d 732 (9th Cir. 1999). On February 16, 2001, Ms. Borja filed Form I-485 (Application to Register Permanent Residence or Adjust Status) with the USCIS Nebraska Service Center, in accordance with INA § 209(a), 8 U.S.C. § 1159(a), and 8 C.F.R. § 1209.2(a). That application has been pending with the USCIS since that time.

20. On September 10, 2007, counsel for Ms. Borja submitted a status inquiry to the Nebraska Service Center's Asylum Lawsuit email address, requesting an update as to the status of Ms. Borja's application for adjustment of status.[3] The NSC responded that the "background security checks" for Ms. Borja have not yet been completed.

---

[3] In 2002, the American Immigration Law Foundation sued the former INS – now known as the USCIS – for unlawfully failing to adjust the status of thousands of asylees. See http://www.ailf.org/lac/asylee_adjustment.asp. A federal district court in Minnesota ruled in favor of AILF's litigation on February 12, 2004 and, although the government appealed the favorable decision to the U.S. Court of Appeals for the Eighth Circuit, the parties entered into a settlement agreement in 2005. Pursuant to that settlement, the government guaranteed that it will adjust the status of *at least* 61,000 asylees within the three year period of Fiscal Year 2005 and the next two fiscal years. As a result of that litigation, an email box was set up for questions and concerns regarding adjusting status from asylee to lawful permanent resident.

Complaint for a Writ of Mandamus                    5

21. Ms. Borja has taken exhaustive steps in an attempt to compel Defendants to adjudicate her I-485 application. Although more than six years have lapsed since Ms. Borja filed that application, and she is well outside the processing times of the NSC, the USCIS has still not adjudicated her application, presumably because the FBI has not yet completed the necessary background checks.[4]

22. The FBI's willful delay in completing Ms. Borja's background checks and USCIS's willful delay in adjudicating Ms. Borja's I-485 application clearly contravenes the FBI's and USCIS's duty to act upon matters presented to them within a reasonable period of time. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Tang v. Chertoff*, 493 F.Supp. 2d 148, 156 (D. Mass June 26, 2007) (finding a 4 year delay unreasonable), citing *Paunescu v. INS*, 76 F.Supp. 2d 896, 902 (N.D.Ill. 1999) (2 year delay unreasonable); *Yu v. Brown*, 36 F.Supp. 2d 922, 935 (D.N.M. 1999) (2.5 year delay unreasonable); *Agbemaple v. INS*, 1998 WL 292441 *7 (N.D.Ill. 1998) (20 month delay unreasonable); *Hu v. Reno*, 2000 U.S. Dist. Lexis 5030, at *14 (N.D.Tex. Apr. 19, 2000) (2.5 year delay unreasonable); *Salehian v. Novak*, 2006 U.S. Dist. LEXIS 77028 at *4 (D.Conn.Oct. 23, 2006) (2 year delay unreasonable).

23. This civil action seeks a writ of mandamus ordering the FBI to promptly complete Ms. Borja's background checks and the USCIS to promptly adjudicate Ms. Borja's I-485 application.

24. Ms. Borja has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

25. Ms. Borja has suffered, and will continue to suffer, irreparable injury for which she has no adequate remedy at law. If the relief prayed for is not granted, Plaintiff will suffer

---

[4] *See* https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC (Nebraska Service Center is processing applications for adjustment of status filed on or before November 13, 2006).

continued extreme individual hardship.

## FIRST CAUSE OF ACTION
### (Mandamus)

26. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 25 above as though fully set forth herein.

27. The FBI has the nondiscretionary duty to complete Ms. Borja's background checks and the other Defendants have the nondiscretionary duty to adjudicate Ms. Borja's I-485 application for adjustment of status (Form I-485). By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties. Plaintiff is entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to adjudicate her I-485 application.

## SECOND CAUSE OF ACTION
### (Violation of the Administrative Procedure Act)

28. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 27 above as though fully set forth herein.

29. The APA *requires* administrative agencies to act upon matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and provides that federal courts "**shall** . . . compel agency action unlawfully withheld or unreasonably delayed . . ."[5] 5 U.S.C. § 706(1) (emphasis

---

[5] "Courts have given little attention to the distinction between agency action 'unlawfully withheld' and agency action "reasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1270 (10th Cir. 1998). "In the absence of any clear statutory guidance," however, the Tenth Circuit decided to "simply apply the most straight forward common sense reading of these two phrases," saying:

> [I]f an agency has no concrete deadline establishing a date by which it must act, and instead is governed only by general timing provisions – such as the APA's general admonition that agencies conclude matters presented to them "within a reasonable time," *see* 5 U.S.C. § 555(b) – a court must compel only action that is delayed unreasonably. Conversely, when an entity governed by the APA fails to comply with a statutorily imposed absolute deadline, it has unlawfully withheld agency action and courts, upon proper application, must compel the agency to act.

*Id.* at 1271-72.

Complaint for a Writ of Mandamus                    7

added). By using the word "shall," Congress imposed a mandatory duty on this Court to compel agency action that has been "unreasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998)("Through § 706 Congress has stated unequivocally that courts ***must*** compel agency action unlawfully withheld or unreasonably delayed.")(emphasis added). *See also Pierce v. Underwood*, 487 U.S. 552, 569-570 (1988)(Congress' use of "shall" constitutes mandatory language); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 n.15 (1981)(same).

30. Ms. Borja is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*. By failing to complete and provide the results of the criminal background checks to USCIS, Defendant Mueller has "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706(1). In the alternative, if the background checks have been completed, the remaining Defendants have unlawfully delayed final adjudication of Ms. Borja's application for adjustment of status.

31. Accordingly, this Court should compel Defendant Mueller to complete and release the results of Ms. Borja's criminal background checks to the remaining Defendants, so that Ms. Borja's application for adjustment of status may be immediately adjudicated. On the other hand, if Defendant Mueller has completed the background checks, the Court should compel the other Defendants to immediately adjudicate Ms. Borja's application. By failing to adjudicate the I-485 application filed by Plaintiff, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

(1) Accept jurisdiction over this action;

(2) Compel the completion and immediate release of Ms. Borja's criminal background check results;

(3) Declare Defendants' failure to adjudicate the I-485 application filed by Ms. Borja to be a violation of INA § 209(a), 8 U.S.C. § 1159(a), 8 C.F.R. § 1209.2, the Administrative Procedure Act, and 28 U.S.C. § 1361;

(4) Order the USCIS to immediately adjudicate Ms. Borja's I-485 application;

(5) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(6) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED:   October 19, 2007          Respectfully submitted,

_____
Robert B. Jobe
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiff

Complaint for a Writ of Mandamus