1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-6915
     FAX: (415) 436-6927
7
   Attorneys for Defendants
8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                             OAKLAND DIVISION

12 TERESITA BORJA,                      )
                                        )  No. C 07-5353-WDB
13                Plaintiff,            )
                                        )
14         v.                           )  **ANSWER**
                                        )
15 GERARD HEINAUER, Director, USCIS     )
   Nebraska Service Center;             )
16 EMILIO T. GONZALEZ Director, USCIS,  )
   U.S. Citizenship and Immigration Services; )
17 MICHAEL CHERTOFF, Secretary,         )
   Department of Homeland Security;     )
18 ROBERT S. MUELLER, Director,         )
   Federal Bureau of Investigations;    )
19 PETER D. KEISLER, Acting U.S. Attorney )
   General,                             )
20                                      )
                  Defendants.           )
21 _____)

22     The Defendants hereby submit their answer to Plaintiff's Complaint for Writ of Mandamus and

23 Declaratory and Injunctive Relief.

24                           **PRELIMINARY STATEMENT**

25     1. Defendants admit the first and second sentences in Paragraph One; however, Defendants are

26 without sufficient information to admit or deny the allegation that Plaintiff made repeated requests

27 for adjudication.

28 ///

ANSWER
C 07-5353 WDB                              1

## JURISDICTION

2. Paragraph Two consists of Plaintiff's allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Two.

## VENUE

3. Paragraph Three consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required.

## INTRADISTRICT ASSIGNMENT

4. Paragraph Four consists of Plaintiff's allegations regarding intradistrict assignment, to which no responsive pleading is required.

## STANDING

5. Defendants deny the allegations in Paragraph Five.

## PLAINTIFFS

6. Defendants admit the allegations in Paragraph Six.

## DEFENDANTS

7. Defendants admit the allegations in Paragraph Seven.

8. Defendants admit the allegations in Paragraph Eight.

9. Defendants admit the allegations in Paragraph Nine.

10. Defendants admit the allegations in Paragraph Ten.

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen with the exception that Michael B. Mukasey is the United States Attorney General.

## FACTS

14. Paragraph Fourteen consists of Plaintiff's characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Fourteen.

1 | 15. Defendants admit the first sentence in Paragraph Fifteen. Defendants deny the allegation that the name check process has taken more than six years and still has not been completed. The Plaintiff's name checks have been completed; however, Plaintiff's case was not "eligible" for adjudication until after the passage of the Real ID Act in May 2005.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants deny the allegation in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty.

21. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-One.

22. Defendants deny the allegations in Paragraph Twenty-Two.

23. Paragraph Twenty-Three consists of Plaintiff's characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Twenty-Three.

24. Defendants deny the allegations in Paragraph Twenty-Four.

25. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Five.

**FIRST CAUSE OF ACTION**

26. Defendants incorporates its responses to Paragraph One through Twenty-Five as if set forth fully herein.

27. Defendants admit the first sentence in Paragraph Twenty-Seven. Defendants deny the remaining allegations in this paragraph. Although Plaintiff filed her application approximately 6 years ago, there were statutory bars to the adjudication of the application until passage of the REAL ID Act in May 2005. USCIS began adjudication of the case through the issuance of a Request for Evidence on June 24, 2005. On November 5, 2007, USCIS issued a Notice of Intent to Deny (NOID) the application, which grants the plaintiff 33 days to respond to the adverse

information cited in the Notice. The plaintiff responded to this NOID on December 11, 2007.

## SECOND CAUSE OF ACTION

28. Defendants incorporates its responses to Paragraph One through Twenty-Seven as if set forth fully herein.

29. Paragraph Twenty-Nine consists of Plaintiff's characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Twenty-Nine.

30. Defendants deny the allegations in Paragraph Thirty.

31. Defendants deny the allegations in Paragraph Thirty-One.

## PRAYER FOR RELIEF

The remaining paragraphs consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The court should dismiss the Complaint for lack for subject matter jurisdiction.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: December 18, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

  /s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants