JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESITA BORJA,<br><br>    Plaintiff,<br><br>v.<br><br>GERARD HEINAUER, Director, USCIS Nebraska Service Center;<br>EMILIO T. GONZALEZ Director, USCIS, U.S. Citizenship and Immigration Services;<br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security;<br>ROBERT S. MUELLER, Director, Federal Bureau of Investigations;<br>PETER D. KEISLER, Acting U.S. Attorney General,<br><br>    Defendants. | No. C 07-5353-TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 17, 2008<br>Time: 1:30 p.m. |

**1. Jurisdiction and Service**

The basis asserted by plaintiff for this Court's jurisdiction is 28 U.S.C. §1331, 28 U.S.C. § 1361, 5 U.S.C. § 702, and 28 U.S.C. §§ 2201 and 2202. The parties do not dispute that venue is proper in this district. No issues exist regarding personal jurisdiction, and no parties remain to be served.

**2. Facts**

The plaintiff is a native and citizen of the Philippines who has been granted asylum by an

JOINT CASE MANAGEMENT STATEMENT
C 07-5353 TEH                                    1

Immigration Judge. After receiving her grant of asylum, the plaintiff filed an I-485 application with the United States Citizenship and Immigration Services (USCIS) to adjust her status to lawful permanent resident (commonly referred to as a "green card" holder) on February 16, 2001.[1] The USCIS has not yet adjudicated the plaintiff's I-485 application.

The plaintiff filed this action on October 19, 2007, asking the Court to direct USCIS to adjudicate her I-485 application.

### 3. Legal Issues

Whether this Court lacks jurisdiction over the plaintiff's action.

Whether USCIS is processing the plaintiff's I-485 application within a reasonable period of time.

### 4. Motions

The parties anticipate filing cross-motions for summary judgment to resolve this action.

### 5. Amendment of Pleadings

No parties, claims or defenses are expected to be added or dismissed.

### 6. Evidence Preservation

The parties do not have any evidence that falls within this category.

### 7. Disclosures

The parties believe that the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to this case.

### 8. Discovery

The parties do not intend to take any discovery at this time.

### 9. Class Actions

Not applicable.

### 10. Related Cases

The parties are not aware of any related case or cases.

---

[1] 8 U.S.C. § 1159(b) provides that the Secretary of the Department of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, adjust the status of an individual who has been granted asylum to that of lawful permanent resident. 8 U.S.C. § 1159(b).

JOINT CASE MANAGEMENT STATEMENT
C 07-5353 TEH                                                                2

**11. Relief**

The plaintiff asks this Court to direct USCIS to immediately adjudicate her I-485 application.

**12. Settlement and ADR**

The Court has granted the parties' request for an exemption from the ADR program.

**13. Consent to Magistrate Judge for All Purposes**

One or more of the parties has declined magistrate judge jurisdiction and this case was re-assigned from a magistrate judge to a district judge.

**14. Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties do not believe that the issues can be narrowed by agreement or by motion, and do not have suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.

**16. Expedited Schedule**

N/A

**17. Scheduling**

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment: | April 18, 2008 |
| Defendant's Opposition/Cross-Motion: | May 2, 2008 |
| Plaintiff's Reply/Opposition: | May 16, 2008 |
| Defendant's Reply: | May 23, 2008 |
| Hearing: | June 9, 2008 at 10:00 a.m. |

**18. Trial**

The parties do not anticipate the need for a trial in this case.

**19. Disclosure of Non-Party Interested Entities or Persons:**

The plaintiff intends to file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter

None.

Dated: March 10, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants

Dated: March 10, 2008

_____
ROBERT B. JOBE
Attorney for Plaintiff

## ORDER

The Case Management Statement and Proposed Order are hereby adopted as the Case Management Order for the case and the parties are hereby ordered to comply with this order.

Dated: March ___, 2008

_____
THELTON E. HENDERSON
United States District Judge

JOINT CASE MANAGEMENT STATEMENT
C 07-5353 TEH                                            4